Richardson, Ch. J.,
delivered the opinion of the court:
This case differs from that of McNamara (ante, p. 416) only in this, that while, like McNamara, he had received a “certificate of merit” under the provisions of Revised «Statutes, section 1216, dated April 15,1878, he subsequently, July 31,1886, when still serving in his regiment, enlisted in the “general messenger service” under the act of July 29,1886, chapter 810 (1 Sup. Rev. Stat., 2d ed., p 502), and has continued therein ever since. >
On the part of the defendants it is contended that persons enlisted in the general messenger service under the act of 1886 are notin “the military service,” as required by Revised Statutes, section 1285, to entitle them to.the additional pay allowed by that section.
This defense, we think, can not be sustained. » The whole act, from the title through the text of the several sections, plainly indicates that the men. who enlist are in the military service. This is the act:
“ Chap. 810.- — An act for the enlistment and pay and to define the duties and liabilities of 'general service clerks’ and ‘general-service messengers’ in the Army.
" Be it enacted, etc., That the Secretary of War be, and he is hereby, authorized and directed to cause to be enlisted and mustered into the service of the United States, for clerical service and messenger duty at the headquarters of the Army and at the several division, department, and district headquarters, at headquarters general service, at recruiting depots, and at West Point, New York, in the Army, a corps of men not to exceed one hundred and seventy, who shall be subject to the Articles of War and Army Regulations the same as enlisted men on duty "in the line, but shall not be subject to be assigned to any other than clerical and messenger duty, as herein-before specified:
“Nor shall this number be computed as a part of the number at which the Army is now limited by law.
*464 “Seo. 2., That of the men so enlisted one hundred and twenty-five shall be ‘general-service clerks,’ who shall be classified and paid as follows:
“Class one shall consist of ninety clerks, at one thousand dollars per annum; class two shall consist of twenty-five clerks, at one thousand one hundred dollars per annum; class three shall consist of ten clerks, at one thousand two hundred dollars per annum;
“And the remaining forty-five of such men shall be ‘general-service messengers,’ who shall be paid at the rate of sixty dollars per month;
“And all of such men shall be mustered for pay monthly the same as enlisted men, and shall receive no other compensation, pay, or allowance, except when on duty, when necessity requires, they shall each be allowed for subsistence one ration in kind to be issued by the Commissary Department.
“Seo. 3. That the provisions of law relating to the retirement of enlisted men shall be construed to include ‘general service clerks’ and ‘general-service messengers,’ and, for the purposes of retirement, they will rank as follows:
“ General service clerks of class three with first sergeants of the line. General service clerks of class two with sergeants of the line. General service clerks of class one with corporal of the line. General service messengers with privates of the line.” [July 29, 1886.]
It might as well be held that musicians, hospital stewards, saddlers, and blacksmiths (E. S., sec. 1280) are not in the military service because their duties are of a civil nature, as to hold that “general service messengers” are not in such service.
It is further contended on the part of the defendants that the claimant can not recover because the act prescribes, in section 2, a monthly compensation of $60 for each of the men enlisted as “general-service messengers” and an annual salary for “general-service clerks,” and in the same section provides that they “shall receive no other compensation, pay, or allowance, except, when on duty when necessity requires, they shall each be allowed for subsistence one ration in kind to be issued by the Commissary Department.”
It is hardly a reasonable construction to hold that this provision for the pay of general-service clerks and general-service messengers was intended to repeal the special provision for additional pay allowed by Eevised Statutes, section 1285, to enlisted men who receive, under section 1216, certificates of merit for having distinguished themselves in the service. It *465 is more in accord witb the canons of construction to hold that, this prohibition against receiving any other pay and allow» anee applies only to those numerous general provisions of the Revised Statutes on the subject relating to the Army in Title xiv, chapter 3, entitled “Pay and allowances” (sections 1261-1308, p. 219).
If, however, the language of the act of 1886 be broad enough to work such repeal, the act of February 9,1891, chapter 122, section 2, under which this claim is made, is a later expression of the legislative will, and restores the claimant’s right.
The claimant is entitled to recover the sum of $158,
Nott, J., did not sit in this case and took no part in the decision.